UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| STATE OF WASHINGTON, | No. 26-3106 |
| Plaintiff - Appellee, | D.C. No. 2:26-cv-01062-JCC |
| v. | Western District of Washington, Seattle |
| KALSHIEX, LLC, | ORDER |
| Defendant - Appellant. | |

Before: R. NELSON, BADE, and LEE, Circuit Judges.

KalshiEX, LLC's (Kalshi) motion for a stay pending appeal (Dkt. No. 6) is denied. The four discretionary stay factors courts weigh are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted). The first two factors are the most critical. *Id*.

Kalshi has not made a "strong showing that [it] is likely to succeed on the merits" of its argument that this court has federal question jurisdiction. *Id.* Determining whether Kalshi is engaged in "illegal gambling," *see* Wash. Rev. Code § 4.24.070, does not "necessarily raise" a substantial federal issue. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Prods., Inc. v. Darue Eng'g*

*& Mfg.*, 545 U.S. 308, 313–14 (2005). Kalshi's argument that the Commodity Exchange Act (CEA) preempts Washington's gambling laws is an affirmative defense, which cannot by itself give rise to federal question jurisdiction, "even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see also Negrete v. City of Oakland*, 46 F.4th 811, 817 (9th Cir. 2022). Kalshi has not shown it is likely to succeed on the merits of this argument.

Kalshi's alternative argument that Washington was required to join the Commodity Futures Trading Commission (CFTC) as a necessary party under Washington Civil Rule 19 similarly fails. As Washington does not seek to enforce the CEA, nor does it have a claim nor allegation against the CFTC, we agree with the district court that it does not seem like Washington "is directly attempting to interfere with Defendant's CFTC dealings" and artfully pleading their way out of federal court. Likewise, the appropriate remedy would be to compel joinder in state court, not to assert a right to removal. *See* Wash. Civ. R. 19.

We also reject Kalshi's argument that it is a property holder with title derived from the CFTC. *See Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2009) ("A highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone."). We agree with the district court that Kalshi has not provided a "compelling reason to adopt its seemingly novel argument" here.

26-3106

As for the other factors, litigating in state court does not pose irreparable harm to Kalshi.  Having to litigate the enforcement action in state court rather than federal court is not necessarily a harm, let alone irreparable.  And the balance of equities and public interest do not favor Kalshi either.  Principles of federalism and comity tip the balance of hardships and public interest in favor of allowing Washington an opportunity to enforce its laws in state court, while Kalshi seeks an injunction based on the CEA in federal court. For these reasons, Kalshi's motion for a stay pending appeal (Dkt. No. 6) is **DENIED.**

26-3106