**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

| | |
|---|---|
| State of Washington, | |
| Plaintiff-Appellee, | No. 26-3106 |
| v. | **JOINT MOTION TO STAY BRIEFING SCHEDULE [RELIEF REQUESTED BY JULY 17, 2026]** |
| KalshiEX, LLC, | |
| Defendant-Appellant. | |

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rules 27-1 and 31-2.2(b), Defendant-Appellant KalshiEX LLC ("Kalshi") and Plaintiff-Appellee State of Washington ("Washington") jointly move this Court for a stay of the briefing schedule in this appeal pending the issuance of a decision in *KalshiEX, LLC v. Assad*, No. 25-7516 ("*Assad*"); *North American Derivatives Exchange, Inc. v. Nevada*, No. 25-7187 ("*Crypto*"); and *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831 ("*Robinhood*"). A panel of this Court heard consolidated oral argument in *Assad*, *Crypto*, and *Robinhood* on April 16, 2026. This Court's resolution of these cases could bear on the questions at issue in this appeal, and a stay pending resolution of these cases will therefore help the parties prepare briefs that will be most useful to the Court. Kalshi's opening brief is currently due on July 23, 2026. Dkt. No. 21. The parties respectfully request that the deadline for Kalshi's opening brief be stayed to 30 days following this Court's decision in *Assad*, *Crypto*, and *Robinhood*, with

1

the remaining briefs due on the schedule set in Federal Rule of Appellate Procedure 31(a)(1).

Kalshi describes itself as a designated contract market ("DCM") that offers event contracts based on many types of underlying events, including political events, weather events, entertainment events, and sports events. On March 27, 2026, the Washington Attorney General filed an enforcement action against Kalshi in King County Superior Court, alleging that Kalshi's event contracts violate certain state gambling statutes.

Kalshi removed the action to the Western District of Washington the same day, asserting multiple grounds for removal. Dkt. No. 6.4. Kalshi filed an amended notice of removal on March 30, 2026, asserting additional grounds for removal. Dkt. No. 6.5. Plaintiff moved to remand on April 6, 2026. Dkt. No. 6.6.

On May 5, 2026, the district court granted Plaintiff's motion to remand. Dkt. No. 6.7. Kalshi appealed on May 8, 2026, pursuant to 28 U.S.C. § 1447(d). D. Ct. Dkt. No. 26. The district court remanded the case to state court on May 22, 2026. D. Ct. Dkt. No. 30. Kalshi sought a stay of the remand pending appeal, Dkt. No. 6, which this Court denied, Dkt. No. 19. As a result, the state proceedings at issue in this appeal are underway in Washington state court.

Kalshi's opening brief was initially due on June 23, 2026. Kalshi moved for a 30-day streamlined request for extension of time to file its opening brief, Dkt. No.

20, which the Court granted, making Kalshi's opening brief due on July 23, 2026, Dkt. No. 21.

Kalshi's appeal of the district court's remand order raises issues that are related to issues presented in other appeals already pending in this Court. Kalshi brought a preemption suit against Nevada gaming regulators in March 2025, asserting that the Commodity Exchange Act ("CEA") preempts state gaming laws as applied to Kalshi's contracts. *See KalshiEX LLC v. Hendrick*, No. 2:25-cv-575 (D. Nev.). The U.S. District Court for the District of Nevada granted Kalshi a preliminary injunction in April 2025, but dissolved that injunction in November 2025. Kalshi appealed the order dissolving the injunction to this Court. *See Assad*, No. 25-7516. That appeal was consolidated for purposes of oral argument with two other appeals raising similar questions. *See Crypto*, No. 25-7187; *Robinhood*, No. 25-7831. A panel of this Court heard oral argument in the consolidated cases on April 16, 2026.

The parties respectfully request that this Court stay the briefing schedule in Kalshi's appeal pending this Court's resolution of the appeals in *Assad*, *Crypto*, and *Robinhood*. This appeal concerns whether Washington's gaming enforcement action against Kalshi was properly removed to federal court. The *Assad*, *Crypto*, and *Robinhood* appeals present the question whether the CEA's grant of exclusive jurisdiction to the CFTC preempts the application of state gambling laws to event

contracts on DCMs. This Court's resolution of that question may bear directly on the issues in this appeal.

Staying the briefing in this appeal pending the outcome of *Assad* and the related cases will ensure that the parties' briefing in this appeal is informed by this Court's decision on the preemption question, maximizing judicial economy and avoiding repetitive briefing. The parties therefore respectfully request that the deadline for Kalshi's opening brief be stayed until 30 days following this Court's decision in *Assad* and the related cases (or pending this Court's resolution of any of these three appeals if the appeals are not all resolved simultaneously). The parties further request that the briefing schedule for the remaining briefs proceed on the schedule set in Federal Rule of Appellate Procedure 31(a)(1).

This Court has granted similar requests to stay briefing pending its decision in those consolidated cases. In *KalshiEX LLC v. Johnson*, No. 26-2978, which involved Kalshi's appeal from the denial of a preliminary injunction against enforcement of Arizona gaming laws, Kalshi and the State of Arizona jointly moved to stay the briefing schedule pending this Court's rulings in *Assad*, *Crypto*, and *Robinhood*. The parties explained in the joint motion that this Court's resolution of the preemption question in *Assad* and the related cases may bear directly on the issues in the *Johnson* appeal. *Johnson*, Dkt. No. 22 at 4-5. This Court granted the motion. *Johnson*, Dkt. No. 23.

4

Kalshi made a substantially similar argument in moving to stay the briefing pending this Court's ruling in *Assad* in *State of Nevada v. KalshiEX LLC*, No. 26-1304. *Nevada* is a remand appeal nearly identical to this one, arising from Kalshi's removal to federal court of a state gaming enforcement proceeding from Nevada state court. *Nevada*, Dkt. No. 24 at 2-3. Kalshi sought an extension for its opening brief on the ground that the Court's resolution of *Assad* and the related appeals would bear on the issues in *Nevada*. The Court granted Kalshi's motion. *Nevada*, Dkt. No. 25.

## CONCLUSION

For the foregoing reasons, the Court should stay the briefing schedule in this case such that Kalshi's opening brief is due 30 days following this Court's resolution of *Assad*, *Crypto*, and *Robinhood*.

Dated: July 16, 2026                    Respectfully submitted,

/s/ Ben Brysacz                          /s/ Neal Kumar Katyal
Ben Brysacz                              Neal Kumar Katyal
Matthew Geyman                           MILBANK LLP
STATE OF WASHINGTON, OFFICE OF THE       1101 New York Ave. NW
   ATTORNEY GENERAL       Washington, DC 20005
800 Fifth Ave., Ste. 2000               Telephone: (202) 835-7505
Seattle, WA 98104                        nkatyal@milbank.com
Telephone: (206) 464-7744
ben.brysacz@atg.wa.gov                   *Counsel for Defendant-Appellant*
matt.geyman@atg.wa.gov                   *KalshiEX LLC*

*Counsel for Plaintiff-Appellee*
*State of Washington*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) and Circuit Rule 32-2(b) because it contains 999 words, excluding the items exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f).

This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office Word for Office 365 in 14-point Times New Roman font.

July 16, 2026                                    */s/ Neal Kumar Katyal*
                                                 Neal Kumar Katyal

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using ACMS on July 16, 2026.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by ACMS.


July 16, 2026                                    */s/ Neal Kumar Katyal*
                                                 Neal Kumar Katyal